COURT'S EXHIBIT NO. 2
IDENTIFICATION/EVIDENCE
DKT.# 24cr008
DATE: 6/12/2024

EDP:AA
F. # 2022R00230

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA            PLEA AGREEMENT

    - against -

                                    24 CR 8 (WFK)

ARIANA CHARLES,

                Defendant.

- - - - - - - - - - - - - - - - - X

           Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and ARIANA CHARLES (the "defendant") agree to the following:

           1.      The defendant will plead guilty to Count Two and Three of the above-captioned Indictment ("the Indictment") charging violations of 18 U.S.C. § 933(a)(1) and 21 U.S.C. §§ 846 and 841(b)(1)(C). The counts carry the following statutory penalties:

<u>Count Two – Firearms Trafficking</u>

         a.      Maximum term of imprisonment: 15 years
(18 U.S.C. § 933).

         b.      Minimum term of imprisonment: 0 years
(18 U.S.C. § 933).

         c.      Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583 (b) & (e)).

   d.  Maximum fine: Greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(3) and (d)).

   e.  Restitution: N/A

   f.  $100 special assessment
(18 U.S.C. § 3013).

<u>Count Three – Controlled Substance Distribution Conspiracy</u>

   a.  Maximum term of imprisonment: 20 years
(21 U.S.C. § 841(b)(1)(C)).

   b.  Minimum term of imprisonment: 0 years
(21 U.S.C. § 841(b)(1)(C)).

   c.  Minimum supervised release term: 3 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583(e); 21 U.S.C. § 841).

   d.  Maximum fine: $1,000,000
(21 U.S.C. § 841(b)(1)(C)).

   e.  Restitution: N/A

   f.  $100 special assessment
(18 U.S.C. § 3013).

The sentence imposed on each count may run consecutively.

   2.  The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant,

and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 26, which is predicated on the following Guidelines calculation:

Count Two – Gun Trafficking

| | | |
|---|---|---:|
| | Base Offense Level (U.S.S.G. § 2K2.1(a)(7)) | 12 |
| Plus: | More Than 25 Firearms (U.S.S.G. § 2K2.1(b)(1)) | +6 |
| Plus: | Obliterated Serial Number (U.S.S.G. § 2K2.1(b)(4)) | +4 |
| Plus: | Trafficking of Firearms (U.S.S.G. § 2K2.1(b)(5)) | +4 |
| | Total: | 26 |

Count Three – Controlled Substance Distribution Conspiracy

| | | |
|---|---|---:|
| | Base Offense Level (U.S.S.G. § 2D1.1(c)) | 16[1] |
| Plus: | Firearm Possessed (U.S.S.G. § 2D1.1(b)(1)) | +2 |
| | Total: | 18 |

---

[1] The base offense level is 16 based upon approximately 7.87 grams of fentanyl and 98.34 grams of cocaine, which yield a combined converted drug weight of 39.95 kgs. See U.S.S.G. § 2D1.1 App. Note 8.D. Moreover, based upon information now known to the Office, it will ask the Court to consider the Guidelines range that would apply if the Base Offense Level identified in paragraph 2 substituted powder cocaine for cocaine base. Because the Counts Two and Three are grouped according to U.S.S.G. §§ 3D1.2, 3D1.3, the overall effective Guidelines range remains 46 to 57 months, as calculated below.

Grouping Analysis

    Grouping of Closely Related Counts (U.S.S.G. § 3D1.2)

    Highest Offense Level of the Counts (U.S.S.G. § 3D1.3)      <u>26</u>

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 24 and a range of imprisonment of 51 – 63 months, assuming that the defendant falls within Criminal History Category I. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before ~~March 29,~~ 2024 [handwritten: June 12] an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 23. This level carries a range of imprisonment of 46 – 57 months, assuming that the defendant falls within Criminal History Category I. The defendant stipulates to the above Guidelines calculation. The defendant agrees that she will not challenge the drug and gun type and quantity set forth in the lab reports.

    3.    The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

    4.    The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 63 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all

defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (a) the statute(s) to which the defendant is pleading guilty is unconstitutional and (b) the admitted conduct does not fall within the scope of the statute(s). Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) she is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

5. The Office agrees that:

> a. no further criminal charges will be brought against the defendant for (a) between March 2022 and August 2022, both dates being approximate and inclusive, conspiring to engage in the business of dealing in firearms without being a licensed importer, licensed manufacturer or licensed dealer, and in the course of such business, to ship, transport and receive one or more firearms in interstate and foreign commerce; (b) between June 25, 2022 and August 2, 2022, both dates being approximate and inclusive, shipping, transporting, transferring, or causing to be transported, or receiving from another person, one or more firearms, in and affecting interstate or foreign commerce, knowing or having reasonable cause to believe that such shipment, transport, transfer or receipt would constitute a felony; and (c) between May 2022 and June 2022, both dates being approximate and inclusive, knowingly and intentionally conspiring to distribute and possessing with intent to distribute a controlled substance, including a mixture or substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl) and

       cocaine base, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment with prejudice;

and, based upon information now known to the Office, it will

      b.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from her plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraph 5(a)-(b).

      6.    This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

7. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
June 12, 2024

BREON PEACE
United States Attorney
Eastern District of New York

By: _____
Adam Amir
Irisa Chen
James R. Simmons
Assistant United States Attorney

Approved by:

ERIK PAULSEN
Digitally signed by ERIK PAULSEN
Date: 2024.06.04 19:09:08 -04'00'
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ARIANA CHARLES
Defendant

Approved by:

_____
Counsel to Defendant Wynton Sharpe Esq.

7