UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

UNITED STATES OF AMERICA,

                                                        **MEMORANDUM & ORDER**
    v.                                               24-CR-8 (WFK)

ARIANA CHARLES,

               Defendant.
-----------------------------------------------------------------X

**WILLIAM F. KUNTZ, II, United States District Judge:**

On June 12, 2024, Defendant pled guilty to Counts Two and Three of a five-count Indictment, charging her with Firearms Trafficking, in violation of 18 U.S.C. § 933, and Controlled Substance Distribution Conspiracy, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Indictment ¶¶ 3–4, ECF No. 1; Plea Agreement ¶ 1, ECF No. 22. The Court now sentences Defendant and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress in 18 U.S.C. § 3553(a). For the reasons set forth below, Defendant is hereby sentenced to forty-six (46) months' custody on each count, to run concurrently; three years' supervised release with the standard conditions of supervision; and a $200.00 mandatory special assessment.

**I.    Background**

Defendant participated in a large-scale firearms and drug trafficking ring. On January 5, 2022, co-conspirator David McCann met with an undercover law enforcement officer in Brooklyn, New York, to exchange telephone numbers. Sealed Presentence Investigation Report ("PSR") ¶ 7–8, ECF No. 25. The undercover officer, posing as a drug dealer, expressed a desire to purchase firearms from McCann for resale. *Id.* ¶ 6.

Approximately two days later, McCann and a co-conspirator sold controlled substances to the undercover officer. *Id.* ¶ 7. Over the next six months, McCann arranged several such meetings where the undercover officer purchased firearms and drugs from McCann, Defendant, and other co-conspirators. *Id.* ¶ 8. The undercover officer told Defendant he intended to "flip" the firearms, meaning he would resell them to others. *Id.* ¶ 12.

1

In total, Defendant and her co-conspirators sold fifty-five (55) firearms and over 1,000 grams of controlled substances to the undercover officer. *Id.* ¶¶ 12–13. Defendant was personally responsible for selling seventeen (17) firearms, 7.87 grams of fentanyl, and 98.343 grams of cocaine base. PSR ¶ 26; *see* Gov't Sent'g Mem. at 1–2, ECF No. 31 (stating Defendant sold eighteen firearms). Many of the guns sold by Defendant had been purchased in Georgia or Virginia and trafficked to New York. Gov't Sent'g Mem. at 1. Some of these firearms were semi-automatic and compatible with large capacity magazines. PSR ¶¶ 12–13.

*Procedural History*

On January 5, 2024, a grand jury returned a five-count Indictment against Defendant. Indictment ¶¶ 1–6. On January 11, 2024, DEA agents arrested Defendant. PSR ¶ 14.

On June 12, 2024, Defendant pled guilty to Counts Two and Three of the Indictment, charging her with: (1) Firearms Trafficking, in violation of 18 U.S.C. §§ 933(a)(1) and (b) ("Count Two"); and (2) Controlled Substance Distribution Conspiracy, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846 ("Count Three"). Plea Agreement ¶ 1. Pursuant to the plea agreement, Defendant agreed not to file an appeal or otherwise challenge her sentence if the Court imposed a term of imprisonment for Counts Two and Three of 63 months or below. *Id.* ¶ 4.

## II. Legal Standard

Congress set forth the procedures for imposing a sentence in a criminal case in 18 U.S.C. § 3553. Together with 18 U.S.C. § 3553, the United States Federal Sentencing Guidelines operate as the "starting point and the initial benchmark" for a court evaluating a criminal sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the

imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form." *Id.* The court's statement of reasons "shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal citation omitted).

When determining the appropriate sentence, the court must consider six different factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentence and the sentence range established by the Guidelines; (5) any pertinent policy statements issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similar defendants found guilty of similar conduct; and (7) the need to provide restitution to victims of the offense. *See* 18 U.S.C. § 3553(a). The Court now addresses each factor in turn.

### III. Analysis

#### A. The Nature and Circumstances of the Offense and the History and Characteristics of Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

##### 1. *Family and Personal Background*

Defendant was born on July 18, 1995, in Brooklyn, New York. PSR ¶ 55. Defendant's father left when she was three years old, resulting in her parents' divorce. *Id.* ¶¶ 55, 58. Defendant has not had contact with her father since she was a child. *Id.* ¶ 55. Aside from feeling

3

angry at her father's leaving, Defendant reported having a normal childhood without financial strain or abuse. *Id.* ¶ 58.

Defendant's mother is a nurse at Kings County Hospital in Brooklyn, New York. *Id.* Prior to her arrest, Defendant cared for her mother, who has diabetes. *Id.* Defendant's mother is aware of the instant arrest and is supportive of Defendant. *Id.* Defendant has one half-sibling with whom she rarely communicates. *Id.* ¶ 57. Defendant is single, has not been married, and does not have children. *Id.* ¶ 59.

    2. *Educational and Employment History*

From 2012 to 2014, Defendant attended John Dewey High School in Brooklyn, New York. *Id.* ¶ 71. In 2014, she transferred to High School for Better Tomorrow but dropped out before graduating. *Id.* While in high school, Defendant volunteered in the library, at church, and at a food pantry. *Id.* ¶ 80.

From 2018 to 2020, Defendant worked at Rite Aid. *Id.* ¶ 79. From 2020 to 2021, she worked residential security at a senior citizen facility. From 2023 until her arrest, Defendant was a food inspector at John F. Kennedy International Airport. *Id.* ¶ 76. Defendant has a New York State security license that expires on January 25, 2026. *Id.* ¶ 72.

During her incarceration at the Metropolitan Detention Center ("MDC") and the Federal Detention Center ("FDC"), Defendant has worked in female sanitation and taken several education courses. *Id.* ¶ 61. Despite progressing toward obtaining her GED while at the MDC, Defendant was unable to take the remaining tests once she was transferred to the FDC. *Id.* ¶ 73. While incarcerated, Defendant incurred one disciplinary violation for lying or falsifying a statement. *Id.* ¶ 61.

3. *Prior Convictions*

Defendant has no prior convictions. *Id.* ¶ 49.

4. *Physical and Mental Health*

Defendant was diagnosed as pre-diabetic last year due to her eating habits while in custody. *Id.* ¶ 64. Defendant is prescribed topical ointments for skin inflammation and naproxen for headaches. *Id.* She also had two teeth extracted due to a gum infection. *Id.*

Defendant has no history of mental or emotional health conditions. *Id.* ¶ 66.

5. *Substance Abuse*

Defendant began drinking and smoking marijuana around age 18. *Id.* ¶¶ 68–69. She states her alcohol and marijuana use has not caused any hardship. *Id.*

6. *Nature and Circumstances of the Offense*

The Court's previous statements address the nature and circumstances surrounding the instant offense. *See supra* Part I.

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's conduct. Defendant participated in an extensive drug and firearm trafficking ring: she was personally responsible for the sale of fentanyl, cocaine base, and seventeen firearms to an undercover officer. PSR ¶ 26;

Government Sentencing Memorandum ("Gov't Sent'g Mem.") at 1, ECF No. 31. Defendant's arms trafficking crimes pose a grave threat to public safety, especially in New York City, where "guns are tools of the trade and gun violence [is] a routine form of communication" for organized crime syndicates. *United States v. Cavera*, 550 F.3d 180, 204 (2d Cir. 2008) (Raggi, J., concurring). The Court's sentence serves to deter others from engaging in similar conduct, justly punish Defendant for her crimes, and protect the citizens of this district. Accordingly, the Court's sentence is "sufficient, but not greater than necessary" to comply with the purposes set forth in this factor. 18 U.S.C. § 3553(a).

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to one count of Firearms Trafficking, in violation of 18 U.S.C. § 933, and one count of Controlled Substance Trafficking Conspiracy, in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. Plea Agreement ¶ 1.

For Count Two (Firearms Trafficking), Defendant faces a maximum term of fifteen years' imprisonment and no minimum term. 18 U.S.C. § 933. Defendant also faces a maximum term of three years' supervised release. 18 U.S.C. § 3583(b)(2). If a condition of release is violated, Defendant may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision. 18 U.S.C. § 3583(b), (e).

For Count Three (Controlled Substance Trafficking Conspiracy), Defendant faces a maximum term of twenty years' imprisonment and no minimum term. 21 U.S.C. § 841(b)(1)(C). Defendant also faces a statutory minimum term of three years' supervised release. 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3583(e). If a condition of release is violated, Defendant may be

sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision. 18 U.S.C. § 3583(b) and (e).

Defendant is eligible for a term of one-to-five years' probation on both Counts Two and Three. 18 U.S.C. § 3561(a)(3).

In addition to facing terms of imprisonment and supervised release, Defendant also faces financial penalties. For Count Two, Defendant faces a maximum fine of $250,000.00, or twice the gross gain or twice the gross loss caused by the offense. 18 U.S.C. § 3571(b)(3) and (d). For Count Three, Defendant faces a maximum fine of $1,000,000.00. 21 U.S.C. § 841(b)(1)(C). However, Defendant appears unable to pay these fines. Sealed PSR ¶ 84. Finally, the Court is required to impose a mandatory special assessment of $100.00 per count pursuant to 18 U.S.C. § 3013(a)(2)(A), for a total of $200.00.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offense

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . [t]he applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *Id.* § 3553(a)(4)(A).

Firearms Trafficking

The applicable Guideline for Firearms Trafficking is U.S.S.G. §2K2.1(a)(7), which provides a base offense level of 12. Six levels are added because the offense involved between 25 and 99 firearms (specifically, 55 firearms).[1] U.S.S.G. §2K2.1(b)(1)(C). Four levels are added because some of the firearms contained obliterated serial numbers. U.S.S.G. §2K2.1(b)(4)(B)(i).

---

[1] Although Defendant was personally responsible for the sale of seventeen firearms, the Government argues it was reasonably foreseeable Defendant knew the total amount of firearms distributed in the operation. PSR ¶ 26; *see* Gov't Sent'g Mem. at 1 (stating Defendant sold eighteen firearms).

7

Another four levels are added because Defendant was involved in the trafficking of firearms to an individual who "intended to use or dispose of the firearms unlawfully." U.S.S.G. §2K2.1(b)(5). These adjustments result in an adjusted offense level of 26.

Controlled Substance Distribution Conspiracy

The applicable Guideline for Controlled Substance Distribution Conspiracy is U.S.S.G. §2D1.1, which calculates the base offense level based on the Drug Quantity Table in §2D1.1(c). Because Defendant is accountable for 370.86 kilograms of converted drug weight, she has a base offense level of 24. U.S.S.G. §§2D1.1(a)(5) and (c)(5). The Government asks the Court to use an offense level of 16 to minimize the powder-to-cocaine base disparity.

Two levels are added because Defendant possessed a firearm while selling narcotics. U.S.S.G. §2D1.1(b)(1). Adopting the Government's base offense level of 16, this amounts to an adjusted offense level of 18.

Grouping Counts

Multiple counts are grouped if they "involv[e] substantially the same harm." U.S.S.G. §3D1.2. The Plea Agreement groups the counts, but Probation does not, instead performing a multi-count analysis. PSR ¶ 40. The Court adopts the grouping analysis set forth in the Plea Agreement.

The most serious offense level of the grouped counts is the one used. U.S.S.G. §3D1.3(a). Here, the most serious offense level of the grouped counts is 26. From this offense level, three levels are subtracted if Defendant timely accepted responsibility under U.S.S.G. §3E1.1(a)–(b).

Recommendations

Probation recommends a bottom-of-the-Guidelines sentence, as calculated by Probation, of 57 months' imprisonment on each count, to run concurrently to each other; three years' supervised release on each count, to run concurrently to each other; and a $200.00 mandatory special assessment. Probation Department Sentence Recommendation ("Prob. Sent'g Rec.") at 1, ECF No. 25-1. The Government recommends a Guidelines sentence of 46–57 months' imprisonment. Gov't Sent'g Mem. at 1. Defense counsel recommends a below-Guidelines sentence of time served (21 months' imprisonment) and three years' probation. Def. Sent'g Mem. at 6.

The Court appreciates the sentencing arguments raised by all parties and has thoroughly considered each in turn.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5).

The parties have not drawn the Court's attention to any applicable policy statements. Finding none on its own, the Court proceeds to the next § 3553(a) factor.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For these and other reasons stated in this Memorandum and Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is inapplicable in this case.

### IV. Conclusion

For the reasons set forth above, the Court sentences Defendant to forty-six (46) months' custody, to run concurrently; three years' supervised release with the standard conditions of supervision; and the mandatory $200.00 special assessment. This sentence is sufficient but no greater than necessary to accomplish the purposes of § 3553(a)(2). The Court does not impose a fine given Defendant's apparent inability to pay.

The Court expressly adopts the factual findings of the Sealed Presentence Investigation Report, as corrected herein, to the extent those findings are not inconsistent with this opinion.

SO ORDERED.

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 8, 2025
       Brooklyn, New York